DAVID A. HUBBERT
Deputy Assistant Attorney General

LANDON M. YOST (CA Bar #267847)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Tel:  202-307-2144
landon.m.yost@usdoj.gov
*Counsel for the United States of America*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STANDARD INSURANCES COMPANY, STANDARD PLUMBING SUPPLY COMPANY, INC., PLASTIC SERVICES AND PRODUCTS L.L.C., THE REESE FAMILY 101TRUST, POLYMERCOMPOUNDING L.L.C., STANDARD LOGISTIC SERVICES L.L.C., REESE REAL ESTATE & INVESTMENT COMPANY, RICHARD N. REESE FAMILY LIMITED LIABILITY COMPANY, L.L.C., UD DESIGN, CO., AIREFLO HEATING & AIR CONDITIONING, INC., KSR LEGACY INVESTMENT, CORP., DA DI BATHWARE, L.L.C., CLIFCO SHEET METAL MANUFACTURING L.L.C., REESESOURCE LEASING, L.L.C., RICHARD N. REESE, and JILL P. REESE; <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, DEPARTMENT OF TREASURY, and UNITED STATES OF AMERICA; <br><br> Defendants. | Case No. 2:23-cv-00047-HCN <br><br> Judge Howard C. Nielson |

### UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY

1

Pursuant to DUCivR 7-1 the United States submits this Notice of Supplemental Authority. In footnote 7 of the United States' motion to dismiss, the United States stated that, based on the six-year statute of limitations under 28 U.S.C. § 2401(a), "Plaintiffs' challenge is untimely because their right to make procedural or facial challenges to [Notice 2016-66] first accrued on November 21, 2016, the date that this Notice was published in the Internal Revenue Bulletin." (Dkt. 20, p. 20). At the time, this statement was correct in the Tenth Circuit under the authority cited in this footnote. On July 1, 2024, however, the Supreme Court issued a decision in *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. ----, 2024 WL 3237691 (July 1, 2024) (decision attached), that may affect when the six-year limitations period began to run for purposes of this case. *Corner Post* held that "[a]n APA claim does not accrue for purposes of § 2401(a)'s 6-year statute of limitations until the plaintiff is injured by final agency action." *Id.* at *14. The remainder of the United States' motion was not affected by the *Corner Post* decision.

Respectfully submitted: July 5, 2024,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Landon M. Yost*
LANDON M. YOST
Trial Attorney, Tax Division
U.S. Department of Justice

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By:     */s/ Landon Yost*
        LANDON YOST
        Trial Attorney, Tax Division
        U.S. Department of Justice